UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

REGINALD JOSEPH

    V.                                                  PRISONER
                                          CASE NO. 3:10 CV 998 (EBB)

UNITED STATES OF AMERICA

## ORDER

Petitioner, Reginald Joseph ["Joseph"] filed this petition for writ of habeas corpus <u>pro se</u> pursuant to 28 U.S.C. § 2241. On February 15, 2000, in this district, Joseph entered a guilty plea to a violation of 21 U.S.C. § 846 before Senior United States District Judge Ellen Bree Burns. <u>See United States v. Segura, et al.</u>, Case No. 3:99cv85 (EBB). On March 12, 2003, Judge Burns sentenced Joseph to sixty months of imprisonment followed by ten years of supervised release.[1] Joseph did not appeal his conviction or sentence. Three years later, in March 2006, the Court issued a warrant to serve as a detainer due to Joseph's alleged violations of the terms of his supervised release; at the time, Joseph was confined in a Connecticut prison facility due to pending state criminal charges.

In late March 2006 and mid-April 2007, Judge Burns presided over hearings regarding the alleged violations of the terms of Joseph's supervised release. On April 17, 2007, Judge Burns found Joseph to have violated the conditions of his supervised release, revoked his supervised release, and sentenced him to sixty months of incarceration to be served consecutively to his Connecticut sentence.

---

[1] Defendant previously had been sentenced on August 21, 2001.

The next day, on April 18, 2007, Joseph filed a Notice of Appeal for the judgment of revocation of supervised release. The parties subsequently consented to vacate Joseph's sentence and remand for resentencing. On December 17, 2008, after a hearing, Judge Burns re-sentenced Joseph to sixty months of incarceration and articulated her reasons for imposing this sentence. On March 24, 2009, Joseph attempted to file a late Notice of Appeal of the decision, but Judge Burns denied the motion on June 25, 2009.

Joseph filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 one year later, on June 24, 2010. Joseph challenges his conviction and sentence for revocation of supervised release on the grounds of ineffective assistance of counsel and seeks to have the court re-calculate his sentence and/or reinstate his supervised release.

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). Today, this authority is codified at 28 U.S.C. § 2241(c)(3). In 1948, however, Congress enacted 28 U.S.C. § 2255. This statute "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently. . . ." 124 F.3d at 373 (citations omitted).

Currently, a petition filed "pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)(Sotomayor, J.)(citation omitted)(emphasis in original). A § 2255 motion, on the other

hand, is considered "the proper vehicle for a federal prisoner's challenge to his conviction and sentence. . . . " Id. at 146-47. Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to § 2255 rather than a petition filed pursuant to § 2241.

Because Joseph's petition challenges the legality of his sentence, it should have been filed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the court in which Joseph was sentenced. In Jiminian, 245 F.3d at 148, the Second Circuit held that a district court may construe a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 as a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, without providing the petitioner with notice or an opportunity to withdraw the petition, as long as the petitioner has "had a prior § 2255 motion dismissed on the merits." Here, Joseph does not indicate and the criminal docket does not reflect that he has ever filed a § 2255 motion or that a § 2255 motion has been denied on the merits. Thus, the present petition is not successive, so that the Jiminian decision does not apply to this situation.

Instead, the Court will follow the Second Circuit's instructions set forth in Adams v. United States, 155 F.3d 582 (2d Cir. 1998). In Adams, the Second Circuit ruled that in a situation when a petitioner has never filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, a district court may not simply construe a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 as a motion to vacate, set aside or correct sentence without providing notice to the petitioner. Id. at 583-84. Prior to recharacterizing a § 2241 petition as a motion brought pursuant to § 2255, a court must permit the petitioner to either: (1) agree to the recharacterization of his petition as a § 2255 motion; or (2) "withdraw the

[petition] rather than have it so recharacterized." Id. at 584.[2]

Conclusion

On or before **November 12, 2010**, the petitioner shall file a Notice in which he either: (1) agrees to the recharacterization of his petition as a § 2255 motion; or (2) withdraws the petition rather than have the court recharacterize it as a § 2255 motion.

SO ORDERED at New Haven, Connecticut this 7th day of October, 2010.

    /s/ Joan G. Margolis, USMJ
Joan G. Margolis
United States Magistrate Judge

---

[2] The Court notes that 28 U.S.C. § 2255 contains a one year statute of limitations. Although it appears that the statute of limitations may have run in this case, there are exceptions to the statute of limitations as well as the possibility of equitable tolling. See 28 U.S.C. § 2255(1)-(4); Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001)(citation omitted).

4