FILED UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2013 SEP 18 PM 1 16

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES OF AMERICA         :

v.                               :     Docket No. 3:10Cv998(EBB)

REGINALD JOSEPH                  :

RULING ON PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255

Pending before the Court is the petition of Reginald Joseph ("Joseph") for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, the Court finds the petition to be moot and accordingly, it is DISMISSED.

*Procedural Background*

On April 17, 2007, the Court found Joseph in violation of the conditions of his supervised release, revoked his supervised release and sentenced him to sixty months of incarceration to be served consecutively to the Connecticut sentence he was then serving. The following day, on April 18, 2007, Joseph appealed his sentence. While on appeal, the parties consented to vacate Joseph's sentence and to a remand for resentencing so that the Court could articulate its reasons for imposing the sixty-month sentence. On December 17, 2008, the Court re-sentenced Joseph to sixty months of incarceration with no supervised release to follow. On March 24, 2009, Joseph moved to file a late notice of appeal. The motion was denied on June 25, 2009.

On June 24, 2010, Joseph filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Joseph challenged the sentence imposed for violating supervised release on grounds of ineffective assistance of counsel. On October 7, 2010, the Court found that the petition was not a challenge to the execution of his sentence, but was a challenge to the legality

of his sentence and, as such, should have been filed pursuant to 28 U.S.C. § 2255. The Court accordingly entered an order directing Joseph to file a notice advising whether he would agree to recharacterization of his petition as a § 2255 motion or whether he would withdraw it. On October 10, 2010, Joseph filed a notice agreeing to the recharacterization. An order to show cause was issued and the government filed an opposition to the habeas petition on July 27, 2012 asserting that Joseph's claims had no merit.

*Discussion*

In order to proceed under § 2255, a prisoner must be in custody pursuant to the sentence under attack. Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994) (quoting 28 U.S.C. § 2255 and noting that the statute confers jurisdiction to entertain habeas petitions only from persons who satisfy the condition of being *in custody* at the time the petition is filed). Although Joseph filed the instant habeas petition while he was incarcerated, the records of the Bureau of Prisons indicate that he is no longer incarcerated and, in light of the fact that Joseph was not sentenced to a term of supervised release, he does not satisfy the in-custody jurisdictional requirement of the habeas statute. Id.; see also Maleng v. Cook, 490 U.S. 488, 491-92 (1989); Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994).

In addition to the statutory bar to jurisdiction, there is a constitutional bar to Joseph's petition because it is no longer justiciable in that it does not present a live case or controversy as required by Article III, § 2. See United States v. Juvenile Male, 131 S. Ct. 2860, 2864 (2011) (reaffirming "a basic principal of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed"). A habeas petition must be dismissed as moot if the case or controversy requirement becomes unsatisfied at any

point in the litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998).

To satisfy the case-or-controversy requirement of Article III, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 404 U.S. 472, 477-78 (1990); United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999) (citing Spencer, 523 U.S. at 7. A petitioner's habeas challenge to a completed sentence is not justiciable unless prevailing on the motion "would relieve him of some concrete and identifiable collateral effect of that sentence," United States v. Hamdi, 432 F.3d 115, 118 (2d Cir. 2005), or if there were no collateral legal consequences of his sentence that could impinge on him. Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002). In other words, a case or controversy is moot when the relief sought can no longer be given or is no longer needed. Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983).

Because Joseph served his prison sentence and was not subject to supervised release, there is no "effectual relief" that the Court may grant.[1] Accordingly, Joseph's habeas petition is moot and must be dismissed. United States v. Key, 602 F.3d 492, 494 (2d Cir. 2010) (finding petitioner's challenge to his criminal sentence was moot as his prison term was completed and there was either no possibility or only a remote and speculative possibility that any relief could be

---

[1] In his habeas petition, Joseph only challenged his sentence, he did not challenge his conviction and thus it appears that there are no collateral consequences or civil disabilities attending the challenged sentence that would satisfy the case or controversy requirement. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Probber, 170 F.3d 345, 348, 348 n.7 (2d Cir. 1999); see also United States v. Mercurris, 192 F.3d 290, 293-94 (2d Cir. 1999) (noting that where a habeas petition only challenges the length of a sentence and not the underlying conviction itself, civil disabilities or other collateral consequences do not arise). Moreover, according to Joseph's presentence report, he is a United States citizen and thus is not subject to any adverse collateral consequences under the immigration laws. Cf. Perez v. Greiner, 296 F.3d 123, 125-26 (2d Cir. 2002).

3

granted).

*Conclusion*

For the foregoing reasons, Joseph's motion under 28 U.S.C. § 2255 [doc. # 1] is DISMISSED as MOOT.

Because Joseph has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not be issued.

SO ORDERED.

/s/ Judge Ellen Bree Burns
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 17 day of September, 2013, at New Haven, Connecticut.